BOARD OF COMMISSIONERS OF WILLIAMS COUNTY, Appellant,

v.

SPRINGFIELD TOWNSHIP, Appellee.

[Cite as *Williams Cty. Bd. of Commrs. v. Springfield Twp.* (1995), 107 Ohio App.3d 780.]

Court of Appeals of Ohio,
Sixth District, Williams County.

No. WM–95–016.

Decided Dec. 15, 1995.

*Teresa Grigsby,* for appellant.

*John T. McLandrich,* for appellee.

SHERCK, Judge.

This appeal comes to us from a summary judgment rendered in a declaratory judgment action by the Williams County Court of Common Pleas. The case concerns a claim for monetary damages resulting from a collision between two motor vehicles owned by two separate Ohio political subdivisions. Because we conclude that no genuine issues of material fact are in dispute and appellee is entitled to judgment as a matter of law, we affirm.

Appellant, the Board of Commissioners of Williams County ("board") and appellee, Springfield Township ("township"), are both political subdivisions of the state of Ohio. Williams County is a member of the County Risk Sharing Authority ("CORSA"), a statutorily created self-insurance pool.[1] In February 1993, a collision occurred between a Williams County van and a township truck. When the township ignored Williams County's demand that it pay for its damaged van, appellant filed suit seeking damages and declaratory relief concerning the township's possible right of setoff pursuant to R.C. 2744.05(B).

The trial court granted summary judgment in favor of the township as to the declaratory judgment action. The court determined that the township was entitled to a setoff for any payment the county received from CORSA. In the final judgment entry, the parties stipulated that the total amount of damages resulting from the accident was $8,472.55. The parties also stipulated that the board "is entitled to receive payments or benefits, in the amount of $5,972.55, from CORSA." Having determined that the setoff provisions of R.C. 2744.05(B) were applicable, the trial court then awarded damages to the board in the amount of $2,500.

---

1. R.C. 2744.081 provides for the participation requirements and administration of the CORSA fund.

The board now appeals that judgment, setting forth the following sole assignment of error:

"The trial court erred in finding that Ohio R.C. § 2744.05(B) requires payments which Williams County may receive from the County Risk Sharing Authority ('CORSA') to be deducted from damages it would otherwise be entitled to recover from defendant Springfield Township."

The board essentially argues that summary judgment was improperly granted in favor of the township because the setoff provisions of R.C. 2744.05(B) should not apply to the CORSA payments the board received. The board maintains that the statute was not intended to affect claims between political subdivisions.

Summary judgment is controlled by Civ.R. 56(C), which states in pertinent part:

" * * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * * "

Turning now to the setoff issue, R.C. 2744.05(B) provides:

"Notwithstanding any other provisions of the Revised Code or rules of a court to the contrary, in an action against a political subdivision to recover damages for * * * loss to persons or property caused by an act or omission in connection with a governmental or proprietary function:

" * * *

"(B) If a claimant receives or is entitled to receive *benefits* for injuries or loss allegedly incurred from a policy or policies of insurance *or any other source,* the benefits shall be disclosed to the court, and the amount of the benefits shall be deducted from any award against a political subdivision recovered by that claimant. * * * " (Emphasis added.)

In the present case, the board argues that this statute was not intended to apply to political subdivisions which are "self-insured." In our view, the board's stipulation that it "is entitled to receive payments or benefits, in the amount of $5,972.55, from CORSA" meets the statutory requirements to qualify for a setoff

pursuant to R.C. 2744.05(B).[2]  Furthermore, even without such stipulation, the statutory language is plain and unambiguous.  Contrary to the board's contentions, nothing in R.C. 2744.05(B) excludes claims between political subdivisions from the setoff provision.  Absent such a legislative exclusion, we may not determine the applicability of the statute based upon the identities of the litigants.  Therefore, the trial court did not err in granting summary judgment to the township on the issue of setoff.

Accordingly, the board's sole assignment of error is not well taken.

The judgment of the Williams County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.

*Judgment affirmed.*

HANDWORK and MELVIN L. RESNICK, JJ., concur.

---

2.  CORSA is, in essence, a statutory insurance scheme which allows a county to spread the risk of its own loss among other counties who have all paid premiums into the fund.  The benefits received by appellant from CORSA are, therefore, composed of *pro rata* shares of all the participants in the fund, rather than just the board's own contribution.  In our view, therefore, the benefits paid for the board's loss would constitute insurance benefits as contemplated by R.C. 2744.05(B).  However, even if such benefits were not considered "insurance," they would still be properly considered as a setoff as benefits received from "any other source."